IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Lisa Boxton, | ) | C/A No.: 3:19-2699-JMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Robert Wilkie, Acting Secretary Department of Veteran Affairs Agency, | ) | |
| Defendant. | ) | |

Lisa Boxton ("Plaintiff"), proceeding pro se and in forma pauperis, brought this employment case alleging sex discrimination. This matter is before the court on Plaintiff's motion for appointment of counsel. [ECF No. 18].

There is no right to appointed counsel in civil cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in her motion has not shown that she is indigent and has previously stated she earns bi-weekly pay of $1300. Additionally, Plaintiff has not shown that any exceptional circumstances

exist in this case. Rather, she simply states she has not been able to hire a licensed attorney.

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for appointment of counsel is denied.

IT IS SO ORDERED.

November 1, 2019  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge