**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Lisa Boxton, ) | |
| ) | Civil Action No.: 3:19-cv-02699-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| Robert Wilkie, ) | |
| *Acting Secretary Department of* ) | |
| *Veterans Affairs Agency*, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 16), filed on October 21, 2019. The Report recommends that Plaintiff Lisa Boxton's Motion for Leave to Proceed in Forma Pauperis (ECF No. 11) be denied. The court **ACCEPTS** the Magistrate Judge's Report and **DENIES** Boxton's Motion for Leave to Proceed in Forma Pauperis (ECF No. 11) for the reasons stated below.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, filed this action alleging Defendant engaged in employment discrimination in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) On October 18, 2019, Plaintiff filed a Motion to Proceed in Forma Pauperis (ECF No. 11) pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. Plaintiff alleges that she is employed at Dorn Veterans Administration Medical

1

Center and receives $1,300.00 biweekly. *Id*. at 1. She further alleges that she owns a home with a mortgage and an automobile. *Id*. at 2. She also notes that her husband receives $800.00 per month in retirement benefits. *Id*. at 1. Because Plaintiff's motion is pending, a summons has not issued.[1]

## II.    LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is+ charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The court advised the parties of their right to file objections to the Report. (ECF No. 16.) Neither party filed objections to the Report. In the absence of objections to the Magistrate Judge's Report, this court does not have to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in

---

[1] If the court allows Plaintiff to proceed in forma pauperis, the court will conduct a preliminary screening of the Complaint before a summons is issued. *See* 28 U.S.C. 19(e)(2)(B).

order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

### III.     ANALYSIS

In the Report, the Magistrate Judge recommends denying the Motion for Leave to Proceed in Forma Pauperis based on a three-factor test set forth in *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976) (using three legal tests to determine whether a person should proceed in forma pauperis under 28 U.S.C. § 1915)). The *Carter* test considers whether a "petitioner is barred from Federal Courts by reason of impecunity"; whether petitioner is blocked access to the courts "by the imposition of an undue hardship"; and whether petitioner is "forced to contribute [her] last dollar, or render herself destitute to prosecute [her] claim. *Carter*, 452 F. Supp. at 943. The Magistrate Judge relied on Plaintiff's lack of undue hardship or destitution in making her recommendation to deny Plaintiff's Motion for Leave to Proceed in Forma Pauperis.

This court has discretion to grant or deny the Motion for Leave to Proceed in Forma Pauperis. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). The person seeking to proceed in forma pauperis does not have to show she is completely destitute in order to qualify. In this case, Plaintiff's Motion does not provide the court with sufficient evidence of her alleged undue hardship. *See Carter*, 452 F. Supp. at 943. According to

Plaintiff's application, she is employed and has a household income of more than $3,400.00 per month (ECF No. 11). Her assets include a home and vehicle. (ECF No. 11.) In addition, she has access to the assets of her spouse (ECF No. 11), and therefore, should be able to pay her application fee. Thus, Plaintiff should pay the filing fee, and as a result, her Motion should not be granted. The court denies Plaintiff's Motion for Leave to Proceed in Forma Pauperis under 28 U.S.C. § 1915(a).

### IV.    CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain a clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and **DENIES** Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 11). Plaintiff shall submit the required filing fee of $400.00 on or before June 22, 2020, and complete the Proper Form Order as directed in ECF No. 8.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 4, 2020
Columbia, South Carolina