IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lisa Boxton, ) | |
| ) | Civil Action No.: 3:19-cv-02699-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| ) | |
| Robert Wilkie, Acting Secretary General ) | |
| of the Department of Veterans' Affairs, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 1, 2021. (ECF No. 45.) On August 23, 2019, Plaintiff Lisa Boxton ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging employment discrimination. The Report addresses Plaintiff's employment discrimination claim against Defendant Robert Wilkie ("Defendant"), the Acting Secretary General of the Department of Veterans' Affairs ("VA") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*, and recommends the court dismiss the case with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). (ECF No. 45 at 1-2.)

On December 21, 2020, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 37.) Plaintiff filed an Objection to the Report (ECF No. 50), to which Defendant filed a Reply (ECF No. 51). For the reasons stated, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 45), **DISMISSES** Plaintiff's Amended Complaint (ECF No. 10) with prejudice, and **DENIES** Defendant's Motion to Dismiss (ECF No. 37) as moot.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant procedural background, which this court adopts and incorporates herein without a full recitation. As a brief background, Plaintiff filed her initial Complaint on September 23, 2019. (ECF No. 1.) After review, the Magistrate Judge ordered Plaintiff to "bring [her] case into proper form" by October 16, 2019. (ECF No 8 at 1-2.) Plaintiff submitted an Amended Complaint on October 18, 2019, alleging she was discriminated against by her employer, the Dorn VA Medical Center on the basis of race and gender, in violation of Title VII. (ECF No. 10 at 3, 5.) Plaintiff explained she had been subjected to retaliation and "continuously used as a scapegoat" from 2013 to the present day. (*Id.* at 4.) Plaintiff asks the court to order Defendant to "return her annual leave," pay her legal costs and overtime wages, promote her to GS-12, and stop retaliating against her. (*Id*. at 6.) She does not, however, quantify these damages or allege specific amounts she is owed. (*Id*.) The Amended Complaint includes several emails, letters, and handwritten explanations of events which took place over the course of her employment but does not discuss the context of these communications nor offer any specific instances of race- or sex-based discrimination or retaliation. (ECF No. 10-1 at 1-10.)

The Magistrate Judge authorized service of process on June 24, 2020 and notified Plaintiff that under Fed. R. Civ. P. 4(m), she is responsible for effecting service of process on Defendant within ninety (90) days. (ECF No. 26 at 2.) The Magistrate Judge warned Plaintiff that failure to effect service without good cause or comply with the order could result in the dismissal of her complaint. (*Id*.) Plaintiff did not serve Defendant within the ninety-day window and offered no good cause to the court. On September 28, 2020, the Magistrate Judge ordered Plaintiff to show cause for her failure to serve Defendant by October 15, 2020. (ECF No. 29.) On October 14, 2020, Plaintiff apologized for the delay in a letter to the court, explaining she did not understand

the service of process requirement and was still searching for an attorney. (ECF No. 31 at 1.) The Magistrate Judge extended Plaintiff's deadline for proper service of process (ECF No. 32), and Plaintiff properly served Defendant on October 21, 2020 (ECF No. 37 at 2).

On December 21, 2020, Defendant filed a Motion to Dismiss. (ECF No. 37.) Defendant contends the Amended Complaint fails to meet the required pleading standard, fails to allege sufficient facts to "support a plausible claim for race[-] and/or sex[-]based discrimination or illegal retaliation" (*Id*. at 8-10), and does not give Defendant adequate notice of the nature of Plaintiff's claims (*Id*. at 11). Defendant also argues the Amended Complaint does not indicate whether Plaintiff exhausted her administrative remedies. (*Id*. at 10-11.) Therefore, Defendant asserts Plaintiff's Amended Complaint must be dismissed in its entirety under Fed. R. Civ. P. 12(b)(6). (*Id*. at 12.)

The Magistrate Judge issued a *Roseboro* Order on December 21, 2020, explaining the nature of a motion to dismiss and warning Plaintiff that her failure to respond to Defendant's Motion within 31 days, or by January 24, 2021, could result in the dismissal of her case. (ECF No. 38 at 1.) By January 25, 2021, Plaintiff had not responded to Defendant's Motion. The Magistrate Judge issued an order directing Plaintiff to inform the court whether she "wishe[d] to continue with [her] case" and extended her time to file a response to February 11, 2021. (ECF No. 40 at 1-2.) On February 11, 2021, Plaintiff requested an extension to respond to Defendant's Motion to Dismiss, claiming she needed more time to find an attorney. (ECF No. 42 at 1.) The Magistrate Judge gave Plaintiff an extended deadline until February 28, 2021, and cautioned her that she needed to respond "regardless of whether she received a hearing through the VA." (ECF No. 43.)

By March 2, 2021, Plaintiff had not filed a substantive response to Defendant's Motion to Dismiss. (ECF No. 45 at 2.) Determining that Plaintiff therefore "[did] not oppose the motion and wishe[d] to abandon this action," the Magistrate Judge recommended the case be dismissed with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). (*Id*.) The Report notified both parties they had fourteen (14) days, or until March 19, 2021, to object to the findings therein, and highlighted that the "[f]ailure to timely file specific written objections" to the Report would "result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation." (*Id*. at 3 (citing 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984)).)

More than two months after this deadline had passed, on May 25, 2021, Plaintiff filed a putative Objection to the Report. (ECF No. 50.) While Plaintiff did not object to any specific findings in the Report, she did express her regrets for not responding in time. (ECF No. 50-1 at 1.) She explained to the court that on February 15, 2021, she began having issues with her eyes after a prolonged exposure to Clorox cleaning solution at her place of employment. (ECF No. 50 at 1-2.) She described her need to undergo aggressive treatment for her condition over the coming weeks. (*Id*. at 2.) In light of her medical condition, she asked that the court refrain from dismissing her case while she continued to look for an attorney. (ECF No. 50-1 at 1.)

Defendant filed a Reply to Plaintiff's Objection pointing out that (1) Plaintiff had still not responded to Defendant's Motion to Dismiss after multiple extensions from the court, and (2) Plaintiff's Objection merely asked for more time to find an attorney and failed to address the substance of the Report's recommendations. (ECF No. 51 at 4-6.)

4

## II. LEGAL STANDARD

### A. Review of Magistrate Judge's Report

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B. Review of *Pro Se* Filings

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); s*ee also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### C. Failure to Prosecute under Fed. R. Civ. P. 41(b)

Federal courts have the authority to dismiss a plaintiff's action with prejudice because of

5

his or her failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). "Rule 41(b) of the Federal Rules of Civil Procedure provides an explicit basis for this sanction." *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir.1991); see Fed. R. Civ. P. 41(b). To determine whether dismissal for failure to prosecute constitutes an appropriate sanction, courts must consider four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir.1990) (citing *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir.1989)). The four factors are not binding and must be considered under the particular circumstances of the case. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). While *pro se* plaintiffs "are entitled to some deference from courts," they, like all litigants, are still "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Id.* at 96.

### III. DISCUSSION

#### A. Failure to Prosecute under Fed. R. Civ. P. 41(b)

The court carefully examined the findings of the Report and allegations in Plaintiff's Amended Complaint (ECF No. 10) and concludes the facts as alleged by Plaintiff warrant the dismissal of the case under Rule 41(b). Plaintiff did not file a specific objection to the Report, and the court discerns no clear error therein. Therefore, the court need not consider Plaintiff's medical excuse in reviewing the Magistrate Judge's recommendation.

Even to the extent Plaintiff's medical excuse can be considered a specific objection to the Report, it does not withstand scrutiny under Fed. R. Civ. P. 41(b). The sole ground for Plaintiff's Objection is a medical excuse which describes, at length, Plaintiff's eye issues which she alleges began after an occupational exposure on February 15, 2021. (ECF No. 50-1 at 1.) Therefore, by

Plaintiff's own admission, her medical issues did not begin until *after* her first deadline to file a Response to Defendant's Motion to Dismiss on January 24, 2021, and her extended deadline of February 11, 2021 had passed. Plaintiff gives no excuse for missing her initial and extended deadlines to respond, and her medical excuse does not cover these dates. Further, Plaintiff does not explain why she failed to respond to the Report for more than two months after the deadline to file objections had passed. The record demonstrates Plaintiff understood how to reach the court, explain her circumstances and ask for extensions to file given her medical excuse. Over the two-year period since Plaintiff filed her initial complaint with the court, the Magistrate Judge granted numerous indulgences for Plaintiff's failure to meet court deadlines. (*See, e.g.,* ECF Nos. 32, 40, 43.) In several orders, the Magistrate Judge explained the importance of following court deadlines and responding to filings in a timely fashion. (*See, e.g.*, ECF No. 38, 43.)

Here, Plaintiff had the responsibility to file timely responses to the court as a *pro se* party. This responsibility was thoroughly explained to her on multiple occasions. Moreover, Plaintiff acted in a dilatory fashion over much of these proceedings. The court finds Plaintiff's difficulties with finding legal representation have been sufficiently accommodated. Under the four factors described above, the court adopts the Magistrate Judge's recommendation (ECF No. 45) and finds dismissal under Rule 41(b) appropriate in this case. Moreover, because the court gave Plaintiff numerous opportunities to comply with its deadlines and orders, the court adopts the Report's recommendation that Plaintiff's Amended Complaint be dismissed with prejudice (ECF No. 45 at 2).

B. **Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)**

Under the Federal Rules of Civil Procedure, a party may move to dismiss a complaint when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss tests the sufficiency of a complaint." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013).  When ruling upon a motion to dismiss under Rule 12(b)(6), a federal court "must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level' and 'to state a claim to relief that is plausible on its face.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  "[A] judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Moreover, "'all reasonable inferences' must be drawn in favor of the complainant." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd v. Consummeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)).  However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd*, 591 F.3d at 255 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).  As such, a federal court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

The court examined the allegations in Plaintiff's Amended Complaint (ECF No. 10) and concludes the sparse facts as alleged by Plaintiff would also warrant dismissal under Rule 12(b)(6).  Neither the Amended Complaint, nor any other documents filed with the court allege specific instances of race- or sex-based discrimination.  Plaintiff has not addressed Defendant's arguments regarding her failure to plead sufficient facts concerning the administrative exhaustion requirement (ECF No. 37 at 10-11), nor her failure to explain the facts surrounding the VA's allegedly discriminatory acts (ECF No. 37 at 11).  *See Abraham v. Rohoho, Inc.*, C/A No. 3:18-CV-3082-MGL-KDW, 2019 WL 1715657, at *8 (D.S.C. Mar. 27, 2019), *report and recommendation*

*adopted*, C/A No. 3:18-CV-03082-MGL, 2019 WL 1670800 (D.S.C. Apr. 17, 2019) (recommending dismissal of the plaintiff's employment discrimination claim under Rule 12(b)(6) where, as here, he "did not include any reference to race or gender" in his pleadings and "did not link any allegedly discriminatory conduct on the basis of his sex or race to the alleged adverse employment event.") Furthermore, Plaintiff did not file a specific objection to the Report, and the court discerns no clear error therein. As explained above, the court adopts the Report's recommendation that the Amended Complaint be dismissed with prejudice for failure to prosecute under Rule 41(b). Therefore, Defendant's Motion to Dismiss is denied as moot.

## IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 45), **DISMISSES** Plaintiff's Amended Complaint (ECF No. 10) with prejudice, and **DENIES** Defendant Motion for to Dismiss (ECF No. 37) as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 13, 2021
Columbia, South Carolina